# EXHIBIT A

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| GUY W. ALLEN,<br>Plaintiff,<br><br>v.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY (aka USAA), a corporation,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR UNINSURED MOTORIST COVERAGE BENEFITS<br>(for UIM benefits; Negligence per se)<br>($1,400,000 prayer, subject to amendment)<br>Filing fee: $884; ORS 21.160(1)(d)<br><br>(Claim Not Subject to Mandatory Arbitration)<br><br>Jury Trial Demand |

Plaintiff alleges:

1.

At all material times, Garrison Property and Casualty Insurance Company (aka "USAA") was a foreign insurance company licensed to do business in Oregon, and engaged in regular, sustained business activity in Multnomah County, Oregon.

2.

USAA's policy number 01264 78 42R 7101 9 (the "policy") was in force on May 16, 2022, and provided uninsured and/or underinsured motorist coverage to plaintiff, Guy W. Allen ("Allen").



J. William Savage, P.C.
501 Fourth Street, #490
Lake Oswego, OR 97034
(503) 222-0200

On May 16, 2022, Guy W. Allen was using a covered auto under the policy. Guy Allen was also a listed "Operator" on the declaration page of the policy.

FIRST CLAIM FOR RELIEF
(for UIM coverage benefits)

3.

Plaintiff realleges paragraphs 1 and 2, as if fully set forth.

4.

On May 16, 2022, plaintiff Guy W. Allen was the driver of the insured vehicle and was driving his car southbound in the middle lane of three lanes of vehicular traffic on Martin Luther King Jr. Blvd. at or near its intersection with NE Lloyd Blvd., in Multnomah County, Oregon. Mr. Allen entered the intersection crossing NE Lloyd Blvd. on a green light. Another driver traveling westbound on NE Lloyd Blvd, ran the red light. Mr. Allen's vehicle collided into the passenger side of the other vehicle which ran the red light.

5.

On May 16, 2022, the other driver was negligent in one or more of the following particulars:

(a) Failing to maintain control of his vehicle so as avoid colliding with other vehicles;

(b) Failing to maintain a proper lookout so as avoid colliding with other vehicles;

(c) Driving at an excessive speed;

(d) Failing to yield to a traffic control device; and

(e) Driving while distracted by a cell phone.

6.

As a result of the collision described in paragraph 3 above, plaintiff Mr. Allen suffered injuries including a twisting, tearing, wrenching and of the muscles, tendons, ligaments, nerves and



J. William Savage, P.C.
501 Fourth Street, #490
Lake Oswego, OR 97034
(503) 222-0200

related soft tissues in his neck, back, shoulders, arms, hips, legs and knees. As a result of the negligence of the other driver as set forth herein, plaintiff Mr. Allen was caused injury in his head, neck, back, shoulders, arms, hips, legs and knees, along with other diagnoses. For treatment of the injuries, Mr. Allen undertook physical therapy and other rehabilitative therapies. Mr. Allen also underwent a C5-6 anterior cervical discectomy, decompression and arthroplasty which took place on October 9, 2024.

The collision and these injuries caused plaintiff physical pain and suffering, physical disability, inconvenience and interference with his normal activities at home, work and elsewhere, as well as loss of the enjoyment of life.

One or more of these conditions may be permanent in nature.

7.

For his noneconomic losses, and in accordance with Oregon law, plaintiff seeks such amount as the jury may deem just inappropriate, not to exceed the sum of $900,000. This amount is subject to change and amendment prior to trial depending upon whether and how plaintiff's condition may persist, worsen or improve.

8.

As a result of the negligence of the other driver as set forth herein, plaintiff Mr. Allen was caused medical, therapy and treatment expenses. Mr. Allen also caused a loss of wages, benefits and earnings. For his economic losses, and in accordance with Oregon law, plaintiff seeks such amount as the jury may deem just inappropriate, not to exceed the sum of $250,000. This amount is subject to change and amendment prior to trial depending upon whether and how plaintiff's condition may persist, worsen or improve.

9.

Plaintiff has otherwise performed his obligations required by the policy.



J. William Savage, P.C.
501 Fourth Street, #490
Lake Oswego, OR 97034
(503) 222-0200

10.

Plaintiff has demanded that USAA pay its $300,000 limits in UIM coverage, but USAA has refused to do so.

11.

Plaintiff is entitled to recover pre- and post-judgment interest on the above amounts at the statutory rate.

12.

Plaintiff is entitled to attorney fees against USAA pursuant to ORS 742.061.

SECOND CLAIM FOR RELIEF
(Negligence per se)

13.

Plaintiff realleges paragraphs 1 through 12, as if fully set forth.

14.

At all material times, defendant USAA contracted to provide insurance benefits, including for medical expenses, lost income, and bodily injury damages, in the event plaintiff was involved in a motor vehicle collision, where the at fault driver was underinsured.

15.

At all material times, defendant USAA acted through agents and employees, including employee or third-party insurance administrators or adjusters, who were acting within the course and scope of their agency or employment. Defendant USAA is vicariously liable for such agents' and employees' actions and failures to act.



J. William Savage, P.C.
501 Fourth Street, #490
Lake Oswego, OR 97034
(503) 222-0200

16.

In the Oregon Unfair Claim Settlement Practices Act, ORS 746.230 (the "UCSPA"), the Oregon Legislature imposed specific standards requiring Oregon insurance companies to act in their insureds' best interests. Those standards are independent of the terms of the insurance policy. They prohibit all insurers from engaging in unfair and unreasonable practices when investigating, reviewing, deciding, paying, and settling their insureds' claims.

17.

Plaintiff provided defendant USAA with proof of loss and defendant USAA has and continues to unreasonably delay and deny payment of the UIM policy benefits to which plaintiff is entitled. Defendant USAA also failed and fails to attempt, in good faith, to reach a reasonable settlement of plaintiff's claims, as reflected in their attempts to not offer the UIM policy limits of $300,000.

18.

Defendant USAA has engaged in conduct that violates the standards of care set forth in the UCSPA, including in one or more of the following particulars:

(a) Failing to adopt and implement reasonable standards for the prompt investigation of claims;

(b) Refusing to pay claims without conducting a reasonable investigation based on all available information;

(c) Failing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted;

(d) Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear; and/or,



J. William Savage, P.C.
501 Fourth Street, #490
Lake Oswego, OR 97034
(503) 222-0200

(e) Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants.

19.

Defendant USAA's conduct violated the standards of care set forth in the UCSPA.

20.

Plaintiff was injured as a result of defendant USAA's UCSPA violations.

21.

As an insured under an insurance policy in Oregon, Plaintiff was a member of the class of persons the UCSPA was meant to protect.

22.

The legislature intended the UCSPA to prevent policyholders and insureds from suffering monetary loss and emotional distress caused by unfair claim settlement practices. Accordingly, Plaintiff suffered the types of injuries that the UCSPA was enacted to prevent.

23.

Defendant USAA, as a corporation engaged in the business of marketing and selling insurance and providing insurance benefits to persons experiencing medical bills and bodily injury damages, knew or should have known, when it entered into the subject insurance policy, that a failure to provide insurance benefits to an injured policyholder or other insured as promised in the policy would harm the policyholder or insured, including their being forced to pay medical bills, losing income, being unable to obtain or pay for medical treatment, being forced to hire a lawyer, file, and pursue litigation, and suffering other financial hardships and emotional distress.

24.

As a result of defendant USAA's negligence, Plaintiff has suffered noneconomic damages,



J. William Savage, P.C.
501 Fourth Street, #490
Lake Oswego, OR 97034
(503) 222-0200

including lost peace of mind, being forced to pursue this lawsuit, financial insecurity, emotional distress, stress, embarrassment, frustration, worry, inconvenience, and interference with plaintiff's normal and usual activities, all in an amount to be determined at trial but not expected to exceed $250,000.00. Such damages are ongoing and will be updated or interlineated at trial.

25.

Plaintiff is entitled to pre- and post-judgment interest at the statutory rate on the above amounts.

WHEREFORE, Plaintiff Guy Allen prays for judgment against Defendant USAA as follows:

1. Noneconomic damages in such amount as the jury may deem just and appropriate, not to exceed the sum of $900,000; and
2. Economic damages in such amount as the jury may deem just and appropriate, not to exceed the sum of $500,000;
3. For pre- and post-judgment interest on the above amounts at the statutory rate;
4. Plaintiff's costs, disbursements and attorney fees incurred herein;
5. Such further relief as the court may deem appropriate.

DATED this 17th day of July, 2026.

J. WILLIAM SAVAGE, P.C.

*s/ J. Willliam Savage*
J. William Savage, OSB 773347
Of attorneys for plaintiff
Trial Attorney

Attorneys for Plaintiff
J. William Savage, OSB 77334
J. William Savage, P.C.
501 Fourth Street, #490

Lake Oswego, OR 97034
Phone: (503) 222-0200
Fax: (503) 248-0200
Email: jwsavage@earthlink.net

Nicholas C. Rowley, Esq.
Pro Hac Vice
Trial Lawyers for Justice
421 W. Water Street
Decorah, IA 52101
Phone: (563) 382-5071
Fax: (563) 204-2405
Email: NR@TL4J.com